UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DWAYNE WILLIAMS** | **CIVIL ACTION** |
| **VERSUS** | **No. 23-1922** |
| **JASON WILLIAMS ET AL.** | **SECTION I** |

### ORDER & REASONS

Before the Court is a motion[1] to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by defendant Jason Williams ("defendant"). Dwayne Williams ("plaintiff") opposes the motion to dismiss. For the reasons that follow, the Court denies defendant's motion to dismiss.

### I. BACKGROUND

In 1995, plaintiff was convicted of first-degree murder in *Louisiana v. Williams*, Case No. 374-848, Orleans Parish Criminal District Court. After he spent twenty-six years in prison, plaintiff's conviction was vacated.[2] Plaintiff alleges that the Orleans Parish District Attorney's office agreed that it possessed evidence favorable to plaintiff during his trial that was not disclosed to plaintiff's criminal defense attorney.[3]

On June 7, 2023, plaintiff filed this action against defendant, in his official capacity, pursuant to § 1983. Plaintiff alleges the Orleans Parish District Attorney's

---

[1] R. Doc. No. 7.
[2] R. Doc. No. 1 ¶ 5.
[3] *Id.*

office, at the time of his conviction, had a policy of suppressing evidence in violation of the Constitution and that policy caused him injury.[4]

Defendant moves to dismiss the action for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).[5] Defendant argues that Louisiana district attorneys act as state officers and that the state is responsible for the district attorneys' actions.[6] Therefore, defendant argues that plaintiff has no claim against the Orleans Parish District Attorney's office.[7] Plaintiff opposes the motion arguing that defendant's argument is precluded by controlling Fifth Circuit precedent.[8]

## II. STANDARD OF LAW

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows for dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotations omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant

---

[4] *Id.* ¶ 1.
[5] R. Doc. 7.
[6] R. Doc. No. 7-1, at 3.
[7] R. Doc. No. 7, at 1.
[8] R. Doc. No. 8, at 3.

2

has acted unlawfully." *Culbertson v. Lykos*, 790 F.3d 608, 616 (5th Cir. 2015) (citation omitted) (internal quotation marks omitted).

"[T]he face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of *each element* of the plaintiffs' claim." *Hi-Tech Elec., Inc v. T&B Constr. & Elec. Servs., Inc.*, No. 15-3034, 2017 WL 615414, at *2 (E.D. La. Feb. 15, 2017) (Vance, J.) (emphasis added) (citing *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 255–57 (5th Cir. 2009). A complaint is insufficient if it contains "only labels and conclusions, or a formulaic recitation of the elements of a cause of action." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (citation and internal quotations omitted). It "must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (internal quotations omitted).

In considering a motion to dismiss, a court views the complaint "in the light most favorable to the plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in the plaintiff's favor." *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004).

### III.   ANALYSIS

Section 1983 authorizes lawsuits for damages against any "person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws."

Municipalities, but not states, are included as "persons" to whom § 1983 applies. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). "To establish municipal liability under § 1983, a plaintiff must show that (1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009).

The parties dispute whether the Orleans Parish District Attorney's office represented a local governmental entity when it allegedly failed to enact constitutionally sufficient policies pursuant to *Brady*. Plaintiff argues that the U.S. Fifth Circuit Court of Appeals, in *Burge v. Parish of St. Tammany*, has already held that the Orleans Parish District Attorney's office acted as a local government entity in failing to enact constitutionally sufficient *Brady* policies. 187 F.3d 452, 468 (5th Cir. 1999). Defendant argues that the Orleans Parish District Attorney's office acts as an arm of the state and relies on the Fifth Circuit's more recent en banc opinion in *Daves v. Dallas County*, 22 F.4th 522 (5th Cir. 2022) and panel decision in *Arnone v. Dallas County*, 29 F.4th 262 (5th Cir. 2022). Four sections of this court have considered defendant's argument and rejected it.[9] Defendant does not distinguish the present case from those cases, but instead argues that each of the four cases was wrongly decided and urges the Court to take a "careful, independent look."[10]

---

[9] *Floyd v. Dillmann*, 2023 WL 2375362 (E.D. La. Mar. 6, 2023) (Milazzo, J.); *Smith v. Williams*, 2023 WL 2263841 (E.D. La. Feb. 28, 2023) (Brown, C.J.); *Reeder v. Williams*, 2023 WL 2771481 (E.D. La. Apr. 4, 2023) (Zainey, J.); *Jones v. Williams*, 2023 WL 3211865 (E.D. La. May 2, 2023) (Ashe, J.).
[10] R. Doc. No. 7, at 2.

In *Burge*, the Fifth Circuit directly addressed whether Louisiana District Attorney's offices act as state or local entities. The court stated:

> Considering the Louisiana constitutional and statutory law and tort cases, we conclude that, in a suit against a district attorney in his official capacity under § 1983 for constitutional torts caused by the district attorney's policies regarding the acquisition, security, and disclosure of Brady material, a victory for the plaintiff imposes liability on the district attorney's office as an independent local entity.

187 F.3d at 468. "For purposes of 'official capacity' suits under § 1983, the district attorney's office resembles other local government entities." *Id*. The Fifth Circuit has not overturned *Burge*.

Notwithstanding, defendant contends that *Daves* modifies the analysis in *Burge* and abrogates all pre-2022 jurisprudence that suggests Louisiana district attorneys do not act on behalf of the state when prosecuting state law crimes.[11] The *Daves* court stated that "Section 1983 litigation requires us to identify the level of government for which an official was acting when establishing the policy that is relevant to the claims." 22 F.4th at 534. Defendant argues that, because *Burge* does not expressly answer this question, *Daves* calls into question the decision in *Burge*.

Both *Burge* and *Daves* rely on the analysis set forth in the Supreme Court case *McMillian v. Monroe County*. The court in *McMillian* explained that:

> In deciding this dispute, the question is not whether Alabama sheriffs act as county or state officials in all of their official actions, but whom they represent in a particular area or on a particular issue. This inquiry is dependent on the definition of the official's functions under relevant state law.

---

[11] R. Doc. No. 7-1, at 14.

520 U.S. 781, 782 (1997). The relevant inquiry was the power exercised by the officer in relation to the particular issue. *Burge* applied *McMillian* to find that Louisiana district attorneys function as local officials when they make policies regarding the "acquisition, security, and disclosure of *Brady* material." 187 F.3d at 469. *Daves* applied *McMillian* to find that Texas county judges were exercising state power when they created bail-setting policies. 22 F.4th 522 at 540. *Arnone* applied *McMillian* and *Daves* to find that a Texas district attorney acted as a state policymaker pursuant to Texas law when promulgating or acquiescing to the polygraph policy. 29 F.4th at 268.

*McMillian*, *Burge*, *Daves*, and *Arnone* all conduct the same inquiry. *Arnone* says *Daves* "clarifies how to attribute a policymaker's actions under *McMillian*" by instructing courts to examine the function the official is exercising and "what state law provides as to the specific relevant function." *Arnone*, 29 F.4th at 267. But this has always been the inquiry pursuant to *McMillian*. *McMillian* expressly rejected an "all or nothing" approach. 520 U.S. at 785.

Defendant also argues that *Daves* undermines *Burge* by stating that relying on the Eleventh Amendment analysis "can be misleading in Section 1983 analysis." *Daves*, 22 F.4th at 533. The *Daves* court suggested that focusing on the *Hudson* Eleventh Amendment factors, like funding of the office, will lead to generalizations which are not helpful for analyzing the officer's function in undertaking the specific conduct at issue. *Id.* While the *Burge* court separately conducted an Eleventh Amendment analysis, the *Burge* court also applied the *McMillian* framework to determine whether Louisiana district attorneys are acting on behalf of local

government in creating *Brady* policies and how Louisiana law classifies Louisiana district attorneys. *Burge*, 22 F.3d at 469. This is the same analysis set forth in *McMillian* and echoed in *Daves*. *Daves* not change the inquiry under *McMillian*, and, therefore, it does not undermine the analysis in *Burge*.

While defendant points to similarities between district attorneys and county judges in Texas and district attorneys in Louisiana, these similarities are not determinative. The court in *McMillian* said, "since it is entirely natural that both the role of sheriffs and the importance of counties vary from State to State, there is no inconsistency created by court decisions that declare sheriffs to be county officers in one State, and not in another." 520 U.S. at 794. There is no need to conduct a comprehensive comparison of the similarities and differences between district attorneys in Texas and Louisiana because a separate analysis of each has previously been conducted in *Arnone* and *Burge*. As the reasoning of *Burge* has not been undermined, it remains binding precedent.

As stated, defendant also argues that each of the four cases addressing the present question were wrongly decided by other sections of this court. Each of the four cases concluded that *Daves* did not overrule *Burge*, and *Burge* remains binding precedent. The Court does not take issue with the holdings of those cases.

## IV. CONCLUSION

Defendant's motion to dismiss is based on his argument that *Daves* undermines *Burge* and accordingly, *Burge* should not apply. Based on a thorough

review of the jurisprudence, arguments, and prior court rulings, this Court finds that defendant's argument is without merit. Accordingly,

**IT IS ORDERED** that defendant's motion to dismiss pursuant to Rule 12(b)(6) is **DENIED.**

New Orleans, Louisiana, September 20, 2023.

_____
LANCE M. AFRICK
**UNITED STATES DISTRICT JUDGE**