**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| DWAYNE WILLIAMS, <br><br>     *Plaintiff*, <br><br> v. <br><br> JASON WILLIAMS, in his official capacity, and ABC INSURANCE COMPANIES 1-10, <br><br>     *Defendants*. | Civil Action No. 23-01922 <br><br> Section O <br> Judge Brandon S. Long <br><br> Division 1 <br> Magistrate Judge Janis van Meerveld |

**OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* TO**
**ADMIT SWORN TESTIMONY OF DECEASED WITNESSES**

Jason R. Williams, in his official capacity as Orleans Parish District Attorney ("OPDA"), through undersigned counsel, respectfully submits this opposition to Plaintiff Dwayne Williams's motion seeking to admit specific prior testimony of three deceased witnesses, Doc. No. 81.

Mr. Williams seeks to "admit" prior testimony given by former Orleans Parish District Attorney Harry Connick in connection with seven lawsuits against OPDA. He also seeks to "admit" testimony given by two defense lawyers, Joseph Meyer and Charles Elloie, in connection with post-conviction proceedings in his criminal case. Mr. Williams notes that these three witnesses are all deceased, and he argues that their prior testimony falls within the exception to the rule against hearsay contained in Federal Rule of Evidence 804(b)(1).

I.      **Testimony of Harry Connick**

With respect to the former deposition testimony of Mr. Connick, OPDA does not oppose Mr. Williams's invocation of the Rule 804(b)(1) hearsay exception—provided the hearsay exception applies to the entire deposition transcripts. In other words, OPDA does not object to admission of this testimony on hearsay grounds. However, at this time, OPDA cannot agree to

1

"admit" the entirety of the seven deposition transcripts. Depending on which portions of the testimony Mr. Williams seeks to admit, OPDA may have other objections, such as relevance and/or Rule 403. Mr. Williams's motion addresses only the hearsay rule and does not address issues such as relevance. Accordingly, OPDA reserves all objections to Mr. Connick's deposition testimony other than hearsay, to be presented, if necessary, at the appropriate time.

## II.    Testimony of Joseph Meyer and Charles Elloie

With respect to the testimony of Mr. Meyer and Mr. Elloie from Mr. Williams's criminal case, OPDA objects on hearsay grounds because the plain language of the Rule 804(b)(1) exception does not apply. That exception applies only where the former testimony is "offered against a party" or its "predecessor in interest." FED. R. EVID. 804(b)(1)(B). However, the party against whom Mr. Williams seeks to introduce the testimony—OPDA—was not a party to Mr. Williams's criminal case and is not a successor in interest to any party to that criminal case.

The parties to the criminal case were the State of Louisiana, Dwayne Williams, and Daniel Rideau. The defendant in this lawsuit, however, is Jason Williams, in his official capacity as Orleans Parish District Attorney—referred to herein as "OPDA." Pursuant to existing Fifth Circuit jurisprudence, an official-capacity suit against a Louisiana district attorney is treated as a suit against the district attorney's office, as an independent local entity. *See Hudson v. City of New Orleans*, 174 F.3d 677, 680; (5th Cir. 1999); *Burge v. Parish of St. Tammany*, 187 F.3d 452, 470 (5th Cir. 1999). "[T]he Orleans Parish District Attorney's office is not an arm of the state." *Hudson*, 174 F.3d at 691.[1] It is certainly true that Assistant District Attorneys employed by OPDA

---

[1] Whether Orleans Parish prosecutors *act* on behalf of the state when they prosecute state-law crimes, such that their actions and policies are *attributable* to the state, is a separate question. *See* Doc. No 7 (motion to dismiss arguing that Orleans Parish prosecutors act on behalf of the state). This Court previously denied OPDA's motion to dismiss on this basis, holding that the State of Louisiana is not responsible for the actions of Orleans Parish prosecutors. Doc. No. 15.

*represented* the State of Louisiana in Mr. Williams's criminal case. But there is of course a fundamental distinction between a party involved in litigation and the lawyers who represent that party. OPDA is not aware of any jurisprudence suggesting that the hearsay exception of Rule 804(b)(1) would conflate lawyer and client, allowing former testimony to be used in a suit against a lawyer who merely *represented* a party in prior litigation, but was not a party himself.

Additionally, as with the testimony of Mr. Connick, OPDA reserves all other objections to the admission of former testimony by Mr. Meyer and Mr. Elloie, in the event the Court determines that this testimony is not barred by the rule against hearsay.

Respectfully submitted,

*/s/ Matthew J. Paul*
W. Raley Alford, III, 27354
Matthew J. Paul, 37004
Inga C. Petrovich, 31284
STANLEY REUTER ALFORD
  OWEN MUNSON & PAUL, LLC
909 Poydras Street, Suite 2500
New Orleans, Louisiana 70112
Telephone: (504) 523-1580
Facsimile:  (504) 524-0069
wra@stanleyreuter.com
mjp@stanleyreuter.com
icp@stanleyreuter.com

*Counsel for Jason R. Williams (in his official capacity as Orleans Parish District Attorney)*

3