**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

DWAYNE WILLIAMS,

               Plaintiff,

    v.

JASON WILLIAMS, IN HIS OFFICIAL
CAPACITY, and ABC INSURANCE
COMPANIES 1-10,

               Defendants.

Civil Action No. 23-1922

Section I
Judge Lance M. Africk

Division 1
Magistrate Judge Janis van Meerveld

**PLAINTIFF DWAYNE WILLIAMS'**
**NINTH SUPPLEMENT TO INITIAL DISCLOSURES UNDER FRCP 26(a)**

NOW INTO COURT, through undersigned counsel, comes the Plaintiff, Dwayne Williams, who makes the following disclosures pursuant to FRCP 26(a), These disclosures are made on the basis of current knowledge, and will be supplemented as appropriate. **(Supplemental information is bolded and in blue.)**

**A(i) The name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

1.     **Plaintiff Dwayne Williams**. Mr. Williams has knowledge as to his innocence in connection with the March 22, 1994, murder of Laston Clark and attempted murder of Nathaniel Morgan; the Orleans Parish District Attorney's Office's (hereinafter "OPDA") failure to produce the *Brady* materials at issue; and the damages sustained before, during, and after his conviction and incarceration. He may be contacted through counsel.

2.     **Daniel Rideau**. Mr. Rideau has knowledge as to Williams' innocence regarding the murder of Laston Clark and the attempted murder of Nathaniel Morgan. His contact

EXHIBIT
1

materials to Williams. Egan also has knowledge as to OPDA's practice, and/or custom of not disclosing *Brady* materials. His contact information is currently unknown.

16.     **Defendant Jason Williams**. Mr. Williams has knowledge as to OPDA's failure to disclose *Brady* materials to Plaintiff. Williams also has knowledge as to OPDA's practice, and/or custom of not disclosing *Brady* materials. His contact information is: 619 South White St. New Orleans, LA 70119; (504) 822-2414 (Office). He may be contacted through counsel.

17.     **Emily Maw**. Ms. Maw has knowledge as to OPDA's failure to disclose *Brady* materials to Williams. Maw also has knowledge as to OPDA's practice, and/or custom of not disclosing *Brady* materials. Her contact information is:  619 South White St. New Orleans, LA 70119; (504) 822-2414 (Office).

18.     Calvin Johnson. Judge Johnson (retired) has knowledge as to OPDA's practice, and/or custom of not disclosing *Brady* materials. His contact information is ███████ ███████████████████████████████ .

Plaintiff reserves the right to supplement these disclosures as discovery proceeds. Other witnesses Plaintiff may call upon are listed below:

  i.    Any witness(es) disclosed by any other party;
  ii.   Any expert witness(es) disclosed by any of the parties;
  iii.  Any witness(es) who has been or will be deposed before trial;
  iv.   Other individuals who may be identified during discovery and may have discoverable information; and
  v.    Other witnesses whose identities are not yet known or discoverable.

**A(ii) A copy – or description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

4