**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| DWAYNE WILLIAMS, | Civil Action 2:23-cv-01922-BSL-JVM |
| Plaintiff, | Section O |
| | Judge Brandon S. Long |
| v. | |
| | Magistrate Div.  1 |
| JASON WILLIAMS, in his official capacity, | Judge Janis van Meerveld |
| and ABC INSURANCE COMPANIES 1-10, | |
| | JURY TRIAL DEMANDED |
| Defendants. | |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFF DWAYNE WILLIAMS' MOTION TO STRIKE**
**DEFENDANT'S FIFTH AFFIRMATIVE DEFENSE**

NOW INTO COURT, through undersigned counsel, comes the Plaintiff, Dwayne Williams, who provides this reply memorandum in support of his Motion to Strike Defendant's Fifth Affirmative Defense (Dkt. No. 83), as follows:

**INTRODUCTION**

Plaintiff has moved to strike Defendant Jason Williams' (or "OPDA") "Fifth Affirmative Defense," which states that Plaintiff Dwayne Williams' (Mr. Williams) "alleged damages, if any, were caused, either in whole or in part, by his own fault and by the errors, acts, omissions, negligence, or fault of third parties for whom [OPDA] . . . is not responsible." OPDA Answer, Dkt. 18 p. 19. Plaintiff supported his motion to strike on the grounds that this affirmative defense purports to assert comparative fault, which is not available for § 1983 claims. Dkt. 83-2. OPDA has opposed Plaintiff's motion. Dkt. 113. Mr. Williams responds as follows.

## ARGUMENT

1. **OPDA cannot present an affirmative defense at trial that is facially unavailable to it as a matter of law.**

First, OPDA argues that a motion to strike is "procedurally improper," and that Mr. Williams is "in fact seeking summary judgment on OPDA's affirmative defense." Dkt. 113, p. 2. This is incorrect. A motion for summary judgment is appropriate after a factual record has been developed, and when the undisputed facts lead to only one reasonable conclusion on a claim or defense. Summary judgment can be appropriate even if, on its face, the underlying legal claim or defense is plausible or valid. But with respect to OPDA's Fifth Affirmative Defense, the factual record is irrelevant. As explained below, OPDA is not permitted, regardless of the facts, to present a defense of comparative fault in a § 1983 claim. A ruling on this matter is necessary prior to trial because the jury should not receive a special verdict form that calls for the apportionment of fault between plaintiff and defendant. Therefore, as the parties approach trial, Mr. Williams is moving to strike OPDA's Fifth Affirmative Defense to ensure an improper special verdict form is not presented to the jury.

2. **Comparative fault is unavailable as an affirmative defense to Mr. Willaims' § 1983 claim**

Federal courts across the country have consistently ruled that comparative fault is unavailable as an affirmative defense for § 1983 claims. This is because § 1983 is an intentional tort applying only to those that act under color of state law and comparative fault would undermine the policy objectives behind § 1983. *Sahota v. Cobb*, No. CIV.A. 14-2722, 2015 WL 6835480, at \*3 (W.D. La. Nov. 6, 2015) ("[I]t is well-settled that comparative negligence does not apply to damages for federal constitutional rights violations." (quoting *Blair v. Harris*, 993 F.Supp.2d 721, 727 (E.D. Mich. 2014))); *Quezada v. County of Bernalillo,* 944 F.2d 710, 721 (10th Cir. 1991) ("§ 1983 does

2

not allow comparison of fault between the plaintiff and defendant." (citing *Clappier v. Flynn*, 605 F.2d 519, 530 (10th Cir. 1979))); *Kaplan v. Oregon,* 746 F.Supp.3d 973, 990 (D. Or. 2024) ("The level of culpability required in a § 1983 claim . . . [is] high enough that comparison of fault would not be permitted under Oregon law."); *Logan v. City of Pullman Police Dept.,* No. CV-04-214-FVS, 2006 WL 994759, at *3 (E.D. Wash. Apr. 14, 2006) ("[B]ecause comparative fault is inapplicable in the context of an intentional tort, the Court concludes Defendants' affirmative defense of comparative fault is inapplicable to Plaintiffs' Section 1983 claims") (citation omitted); *McHugh v. Olympia Entertainment, Inc.*, 37 Fed.Appx. 730, 736, 744 n.4. (6th Cir. 2002) ("Comparative negligence, however, does not apply to damages for federal constitutional rights violations . . . [A] state law should be disregarded if it is inconsistent with the policy underlying § 1983: deterrence and compensation. The protection afforded under § 1983 was not intended to differ from state to state, and federal, not state, common law governs the determination of damages in a § 1983 action. To apply comparative fault statutes in civil rights actions would result in the protection afforded under § 1983 to differ from state to state and would be inconsistent with the underlying policy of deterrence and compensation.") (citations omitted).

Mr. Williams is unaware of any decision from any federal district or circuit court that reaches the opposite conclusion. Although the Fifth Circuit does not appear to have squarely addressed the applicability of comparative fault to § 1983 claims, the Fifth Circuit has recognized the same considerations behind § 1983 claims which animate those decisions holding that comparative fault can not apply. *See Dobson v. Camden,* 705 F.2d 759, 766 (5th Cir. 1983) ("[O]ne of the functions of section 1983, if not the primary function, is therapeutic, seeking to eradicate the disease of violations of federal rights under color of state law").

3

OPDA citations to *Missouri v. Jenkins,* 495 U.S. 33 (1990) and *Mairena v. Foti,* 816 F.2d 1061, 1066 (5th Cir. 1987) to try to support an unorthodox position to the contrary are unavailing. Dkt 113, p. 3. Neither of those cases involved comparing fault between a *plaintiff* and a *defendant.* OPDA offers this quote from *Jenkins:* "42 U.S.C. § 1983 . . . is authority enough to require each tortfeasor to pay its share of the cost of the remedy if it can, and apportionment of the cost is part of the equitable power of the District Court." *Jenkins,* 495 U.S. at 33, 54. *Jenkins* was a school desegregation case where the Supreme Court upheld the remedial power of a district court to order *equitable* relief (a structural injunction) that bound and apportioned fault "between the governmental entities" who were both *defendants*. *Jenkins,* 495 U.S. at 33, 37. *Jenkins* offers no support for the claim that comparative fault can be asserted against a § 1983 *plaintiff* in claims for *damages*. *Mairena v. Foti,* was also a case that involved multiple state actor *defendants*—the OPDA, a court clerk, and a sheriff. There, the Fifth Circuit affirmed a jury verdict that "concluded that the major responsibility for the violation of Mairena's constitutional rights lay with the [Orleans Parish] district attorney's office" as compared with the sheriff and the clerk. *Mairena v. Foti,* 816 F.2d 1061, 1066 (5th Cir. 1987). Nothing in *Mairena* suggests that the *plaintiff* could have been held liable to any degree for the violation of his constitutional rights.

Mr. Williams is not and cannot be a "tortfeasor" in the context of § 1983. Mr. Williams is not a state actor and did not act "under color of state law" and the same is true of any vaguely identified "third party" included in the OPDA's defective defense. Additionally, as an intentional tort, principles of comparative fault are conceptually inapplicable. There is no jurisdictional or legal basis to apportion any amount of fault on Mr. Williams for any violation under § 1983. OPDA's Fifth Affirmative Defense should be stricken.

**CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Strike Defendant's Fifth Affirmative Defense should be granted.

Dated this 2nd day of June, 2025.

Respectfully submitted,

/s/  Karra J. Porter

Herbert V. Larson, Jr. (LA Bar No. 8052)
Kelly P. Mitchell (LA Bar No. 37807)
LARSON & MITCHELL ATTORNEYS AT LAW
700 Camp Street
New Orleans, LA  70130
Tel:  (504) 528-9500
hvl@landmlaw.com
kpm@landmlaw.com

Karra J. Porter (UT Bar No. 5223,
    *Pro Hac Vice Admitted)*
John M. Mejía (UT Bar No. 13965,
    *Pro Hac Vice Admitted*)
M. Tanner Clagett (UT Bar No. 15823,
    *Pro Hac Vice Admitted)*
CHRISTENSEN & JENSEN, P.C.
257 East 200 South, Suite 1100
Salt Lake City, UT  84111
Tel:  (801) 323-5000
Karra.Porter@chrisjen.com
John.Mejia@chrisjen.com
Tanner.Clagett@chrisjen.com

*Attorneys for Plaintiff Dwayne Williams*

5

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of June, 2025, I caused a true and correct copy of the foregoing **REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF DWAYNE WILLIAMS' MOTION TO STRIKE DEFENDANT'S FIFTH AFFIRMATIVE DEFENSE** to be filed with the clerk of the court using the efiling system, which sent notification of such filing to the following:

> W. Raley Alford, III
> Matthew J. Paul
> Inga C. Petrovich
> STANLEY REUTER ALFORD
> OWEN MUNSON & PAUL, LLC
> 909 Poydras Street, Suite 2500
> New Orleans, LA  70112
> Tel: (504) 523-1580
> wra@stanleyreuter.com
> mjp@stanleyreuter.com
> icp@stanleyreuter.com
>
> *Attorneys for Defendant Jason R. Williams*
> *(in his official capacity as Orleans Parish*
> *District Attorney)*

> /s/  Ashlee Mason
> Ashlee Mason, Paralegal

6